IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSE
AT KNOXVILLE

| | |
|---|---|
| LINDA ANN HARRIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:20-CV-00272-TAV-HBG |
| ) | |
| v. ) | |
| ) | JURY DEMAND |
| THE TJX COMPANIES, INC. ) | |
| d/b/a T.J. MAXX, ) | |
| ) | |
| Defendant. ) | |

## JOINT RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN

On August 14, 2020, counsel for the parties held a Rule 26(f) meeting telephonically. Attorney Sidney W. Gilreath of Gilreath & Associates, PLLC, participated on behalf of the Plaintiff, and Attorney Alaric A. Henry of the law firm Luther-Anderson, PLLP participated on behalf of the Defendant. Counsel for the parties discussed the subject matter and deadlines addressed by Rule 26(a)(1) and agreed to the following plan:

I.  **Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Pursuant to Rule 26(a)(1)(C), the parties stipulate and agree that initial disclosures under Rule 26(a)(1) will be made by the Plaintiff by September 15, 2020. The Defendant will make its initial disclosures by October 5, 2020.

II.  **Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The parties should complete all written discovery within eight months after the initial scheduling conference.

The parties shall depose all fact witnesses no later than 60 days following the close of written discovery.

Any motion to amend or add parties shall be filed no later than December 31, 2020.

The Plaintiff will disclose her experts by May 1, 2021. The Defendant will disclose its experts by June 1, 2021.

Deposition of expert witnesses will be completed by July 30, 2021.

The parties agree that discovery does not need to be conducted in phases or otherwise limited to or focused on particular issues.

The parties agree that all dispositive motions will be filed by August 31, 2021. Response to dispositive motions shall be filed within 28 days after the filing of the motion. Response Memorandums of Law in support or opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response, and shall not exceed five pages. No motion for partial summary judgment shall be filed except upon leave of the court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense of the parties, counsel and the court. In all other respects, the provisions of local rule 56.01 shall govern.

**III.    Rule 26(f)(3)(C): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate this case will involve any electronic discovery.

**IV.    Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties agree that any party requesting the documents or portion of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of the Administrative Order No. 167 (Administrative Practice and Procedures for Electronic Case Filings) and Local Rule 7.02, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored for those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, propriety of secrecy, providing factual and legal citations. Generally, only trade secrets, information covered by recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal the documents or portions of documents. Protective orders should not provide that documents provided in discovery and designated as "confidential" will be automatically be sealed upon filing or if used at trial. Any such language in the proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

**V.    Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The parties propose that they will complete factual discovery no later than 60 days following the close of written discovery. Otherwise the parties do not propose changes or limitations during the scope of discovery including those set forth in this Court's Scheduling Order.

## VI. Rule 26(f)(3)(F): Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The parties do not anticipate the need for a protective order to be entered in regard to any type of information. To the extent the parties later believe that a protective order is appropriate and necessary to protect confidential and sensitive information, the parties will thereafter jointly submit a stipulated Protective Order. The parties agree that an Agreed Medical Order shall be necessary to obtain medical records and information relative to the Plaintiff.

## VII. Other issues addressed in the parties' Rule 26(f) discovery conference.

The need for a subsequent case management conference will be left to the discretion of the court.

The parties believe that the trial in this case will take five days.

**APPROVED FOR ENTRY:**

**LUTHER - ANDERSON, PLLP**

By: *s/Alaric A. Henry (Sidney W. Gilreath by permission)*
**ALARIC A. HENRY, BPR# 14885**
**ALAN C. BLOUNT, BPR# 35048**
*Attorneys for Defendants*
One Union Square, Suite 700
100 W. Martin Luther King Blvd.
Chattanooga, Tennessee 37402
(423) 756-5034
(423) 265-9903 (fax)
aah@lutheranderson.com
acb@lutheranderson.com

**GILREATH & ASSOCIATES**

By: *s/ Sidney W. Gilreath*
**SIDNEY W. GILREATH, BPR# 2000**
**CARY L. BAUER, BPR# 019735**
*Attorneys for Plaintiff*
550 W. Main Street, # 600
Knoxville, TN 37902
(865) 525-3773
(865) 637-2185- Fax
gilknox@sidgilreath.com
clbauer@sidgilreath.com

By: *s/ Charmaine Nichols (Sidney W. Gilreath by Permission)*
**CHARMAINE NICHOLS, BPR# 018155**
*Attorneys for Plaintiff*
P.O. Box 20038
Knoxville, TN 37940
(865) 924-3430
(865) 573-1542 - Fax
char@cnicholsatty.com