UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LINDA ANN HARRIS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:20-CV-272-TAV-HBG |
| THE TJX COMPANIES, INC., d/b/a T.J. MAXX, | ) ) ) | |
| Defendant. | ) ) | |

### MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment [Doc. 30]. As will be discussed *infra*, plaintiff has filed no substantive response to this motion, and the time for doing so has long passed. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, defendant's motion for summary judgment [Doc. 30] will be **GRANTED** and this case will be **DISMISSED**.

**I.      Background**

This case stems from a slip-and-fall accident at defendant's T.J. Maxx store located at 197 Foothills Mall Drive in Maryville, Tennessee [Doc. 1-1]. On May 18, 2019, plaintiff was shopping at this T.J. Maxx store with her daughter [*Id.* at 5]. Plaintiff entered the children's clothing section, and, unbeknownst to plaintiff, there was a large puddle of clear substance located on the floor [*Id.*]. Plaintiff states that when her shoe came into contact with the substance, she suddenly fell down, face forward [*Id.* at 6]. She thrust her hands in front of her body, and, as a result, suffered severe injuries to her hands, arms, and shoulders

[*Id.*]. She contends that the presence of the clear liquid on the floor was an extremely hazardous and unreasonably dangerous condition and defendant knew or should have known that not removing the liquid from the floor or adequately warning the public created an unreasonably dangerous condition [*Id.* at 6–7].

## A. Defendant's Summary Judgment Motion

On December 17, 2021, defendant filed the instant motion for summary judgment [Doc. 30]. Therein, defendant contends that plaintiff has not established that defendant had actual or constructive notice of the substance on the floor, as required for a premises liability claim under Tennessee law [*Id.* at 11–14]. Specifically, defendant states that there is no proof in the record as to how the substance ended up on the floor, and no facts to suggest that an employee or agent of defendant caused the substance on the floor and that, therefore, plaintiff cannot establish actual notice [*Id.* at 13]. Furthermore, defendant argues that plaintiff has presented no evidence regarding how long the substance was on the floor, and therefore, cannot establish constructive notice [*Id.* at 13–14].

In her deposition, when asked if she or her daughter saw anything on the floor prior to her fall, plaintiff responded: "It was clear. We did not see a thing" [Doc. 30, p. 35]. She also stated that the store's floor "was really shiny," and admitted that she did not know where the substance came from [*Id.* at 36]. Plaintiff admitted that she was not aware if anyone at the store knew that the substance was there or how long the substance had been on the floor [*Id.* at 37]. Similarly, in her interrogatory responses, plaintiff stated that she

2

"ha[d] no way of knowing how long the [substance] was on the floor" of the store before her fall [*Id.* at 27].

Defendant also submitted an affidavit from Jeanette Contreras, who was working at the T.J. Maxx store on the day of plaintiff's fall [Doc. 31]. Contreras stated that she arrived at work a few minutes before the fall occurred and walked past the location in which the fall occurred but did not see any liquid or substance on the floor [*Id.* at 3].

### B. Plaintiff's Subsequent Filings

On January 19, 2022, having received no summary judgment response from plaintiff, this Court ordered plaintiff to show cause as to why this case should not be dismissed for failure to prosecute [Doc. 32]. In response, plaintiff's counsel filed an affidavit indicating that, despite diligent efforts, he was unable to find any witnesses who had knowledge of the substance on the floor that caused the fall in this case [Doc. 33-1, p. 1]. However, counsel indicated that, in the fall of 2021, he turned his attention to the condition of the premises and requested access to the premises with an expert witness [*Id.*]. Counsel asserts that he was denied access to the premises beginning in November 2021, due to the holiday shopping season [*Id.* at 2]. He was finally able to inspect the premises on January 11, 2022, and indicated that plaintiff was separately moving to amend her complaint based on the findings of that inspection [*Id.*].

Plaintiff's motion to amend stated in full: "Comes now the Plaintiff Linda Ann Harris and moves the Court to allow plaintiff to file an Amended Complaint in this action" [Doc. 34]. Plaintiff attached a proposed amended complaint, which included new

3

allegations about the store's floor surface, which she asserted "failed to provide sufficient slip resistance" and made it difficult to observe clear liquids on the floor [Doc. 34-1, p. 5].

On February 2, 2022, this Court denied plaintiff's motion to amend [Doc. 37]. The Court noted that, in her show cause response, plaintiff had not provided any explanation for her failure to respond to the pending motion for summary judgment, nor had she subsequently filed a responsive brief [*Id.* at 2]. Additionally, the Court stated that, in her motion to amend, plaintiff provided no argument in support, citation to authority, or identification of changes [*Id.*]. The Court found that allowing amendment of the complaint would result in undue delay, noting that the deadline for filing motions to amend had expired and plaintiff had not requested an extension of the deadline nor explained her failure to do so [*Id.* at 3].

On February 8, 2022, plaintiff filed a Motion to Alter Scheduling Order or in the alternative a Motion for Voluntary Dismissal without Prejudice, again based on new evidence discovered during the January 11, 2022, inspection [Doc. 38].

On March 1, 2022, plaintiff filed a document titled "Plaintiff's Response to Defendant's Motion for Summary Judgment," stating that she "has not been able to obtain evidence to demonstrate that Defendant had notice of a dangerous condition prior to [her] fall" [Doc. 43, p. 1]. She recounted the facts described above regarding her January 11, 2022, inspection and her subsequent motion to amend. Plaintiff indicated that she did not file a specific response to summary judgment because she anticipated that the Court would

4

grant her motion to amend [*Id.*]. Plaintiff stated that was renewing her motion to amend or for a voluntary dismissal without prejudice [*Id.* at 2].

Defendant promptly objected to plaintiff's purported "response," arguing that plaintiff mislabeled her pleading "under the hope of ignoring the Court's previous ruling denying [her] Motion to Amend" [Doc. 44, p. 1]. Defendant noted that there was no substantive response to its summary judgment motion in this pleading, but, instead, plaintiff sought to reargue her motion to amend [*Id.*]. Defendant also contended that plaintiff's pleading shows that she had no proof whatsoever to respond to the pending motion for summary judgment [*Id.* at 5].

Subsequently, the Court denied plaintiff's Motion to Alter the Scheduling Order or in the alternative Motion for Voluntary Dismissal without Prejudice [Doc. 45The Court noted that "to date, plaintiff has not provided any explanation for her failure to file a response or seek an extension to respond prior to the expiration of the response deadline" [*Id.* at 5]. The Court specifically found that "plaintiff has caused undue delay and has displayed a lack of diligence in prosecuting this matter" and that plaintiff's "motivation [for the requested relief] largely appear[ed] to be avoidance of deadlines in this matter" [*Id.* at 7–8]. The Court stayed this case pending a ruling on defendant's motion for summary judgment [*Id.* at 8].

Despite the Court's order staying this case, on March 11, 2022, plaintiff filed another pleading labeled "Plaintiff's Response to Defendant's Motion for Summary Judgment," which merely stated that an expert report was attached in opposition to the

5

motion for summary judgment [Doc. 46]. The expert report involves, *inter alia*, the slip resistance of the flooring, as observed at the January 11, 2022, inspection [Doc. 46-1].

## II. Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, "[t]he non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 252 (1986)).

## III. Analysis

### A. Second Request to Amend

Before addressing the merits of defendant's motion for summary judgment, the Court briefly turns to plaintiff's renewed request to amend her complaint [Doc. 43]. The Court thoroughly addressed its reasons for denying plaintiff's first motion to amend her complaint [Doc. 37]. And, in her "response," in which she renews her request to amend, plaintiff only vaguely addresses the Court's prior points regarding her motion to amend

[Doc. 43]. Specifically, plaintiff appears to assert that her failure to timely file a summary judgment response was because her counsel "made a judgment call," to not file the response in anticipation that her motion to amend would be granted [*Id.* at 1–2]. But this argument disregards the fact that both plaintiff's summary judgment response deadline and the amendment deadline had already expired at the time when she filed her motion to amend. And, as was true at the time of her first motion to amend, plaintiff *still* has not explained her failure to seek an extension of time to respond to summary judgment or amend her complaint [*See* Doc. 37, p. 3]. Accordingly, nothing in plaintiff's renewed request to amend her complaint alters the Court's prior finding that a belated amendment would cause undue delay [Doc. 37] and plaintiff's request [Doc. 43] will be **DENIED**.

B.   **Summary Judgment**

"Business proprietors are not insurers of their patrons' safety" but must "use due care under all the circumstances." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). For an owner or operator to be held liable for negligence in allowing a dangerous condition to exist on its premises, the plaintiff must prove that (1) the condition was caused or created by the owner, operator, or his agent, or (2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident. *Id.*; *Piana v. Old Town of Jackson*, 316 S.W.3d 622, 630–31 (Tenn. Ct. App. 2009). Therefore, there are three potential bases of liability—creation of the condition, actual notice, and constructive

notice. *Newman v. Kroger Co.*, No. W2013-00296-COA-R3-CV, 2013 WL 5232275, at *5 (Tenn. Ct. App. Sept. 17, 2013).

Here, plaintiff has provided no evidence as to how the substance came to be on the floor of the T.J. Maxx store. Indeed, in her deposition, plaintiff admitted that she did not know where the clear liquid on the store's floor came from [Doc. 30, p. 36]. Additionally, plaintiff admitted in her deposition that she had no knowledge of whether anyone in the store knew that the substance was there before her fall [*Id.* at 35]. Accordingly, plaintiff has presented no evidence that would create a genuine issue of material fact as to whether defendant created or had actual notice of the condition that led to her fall. Thus, to defeat summary judgment, plaintiff must show that a genuine issue of material fact exists as to whether defendant had constructive notice of the substance on the floor.

In Tennessee, "[a] plaintiff may prove constructive notice by showing that 'the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition.'" *Piana*, 316 S.W.3d at 631 (quoting *Blair*, 130 S.W.3d at 764). "Alternatively, the plaintiff may prove constructive notice by showing 'a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence.'" *Id.* (quoting *Blair*, 130 S.W.3d at 765–66).

Determining whether the condition causing the injury existed long enough to give rise to a legal duty is generally a jury question, but "[b]efore the question can go to the jury . . . the plaintiff must present 'some material competent evidence from which it can be

8

logically inferred [that] the proprietor, by the exercise of ordinary care, would have or should have discovered the dangerous condition.'" *Id.* (quoting *Paradiso v. Kroger Co.*, 499 S.W.2d 78, 80 (Tenn. Ct. App. 1973) and citing *Chambliss v. Shoney's Inc.*, 742 S.W.2d 271, 273 (Tenn. Ct. App. 1987) ("When there is a complete absence of proof as to when and how the dangerous condition came about, it would be improper to permit the jury to speculate on these vital elements.")); *see also Bradley v. Wal-Mart Stores East, LP*, 587 F. App'x 863, 867 (6th Cir. 2014) ("'As a general rule, constructive knowledge cannot be established without some showing of the length of time the dangerous condition had existed.'" (quoting *Self v. Wal-Mart Stores, Inc.*, 885 F.2d 336, 338 (6th Cir. 1989))).

Plaintiff has provided no evidence regarding the length of time that the clear substance was on the floor of the T.J. Maxx before she slipped and fell. In both her deposition and interrogatory responses, plaintiff admitted that she had no knowledge of how long the substance had been on the floor [Doc. 30, pp. 27, 37]. Further, in his affidavit in response to the Court's show cause order, plaintiff's counsel admitted that he had been unable to locate any witnesses with knowledge of the substance on the floor [Doc. 33-1, p. 1]. And, in her first summary judgment "response," plaintiff acknowledged that she "has not been able to obtain evidence to demonstrate that Defendant had notice of a dangerous condition prior to [her] fall" [Doc. 43, p. 1]. Accordingly, plaintiff has made no showing regarding the length of time that the clear substance was on the floor and appears to admit that defendant had no notice, actual or constructive, of the substance. In light of these admissions, the Court finds that there is no genuine issue of material fact regarding whether

9

defendant had constructive notice of the dangerous condition, and plaintiff's claims will thus be **DISMISSED**.

IV. **Conclusion**

For the reasons set forth above, defendant's motion for summary judgment [Doc. 30] will be **GRANTED**. Plaintiff's claims will be **DISMISSED**. A separate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE